UPCHURCH, Judge.
This is an appeal from a portion of a final judgment of the Circuit Court for Brevard County awarding attorneys’ fees of $9,000.00.
The points assigned as error on appeal may be summarized in the single question:
Did the trial court abuse its discretion in determining $9,000.00 was a reasonable fee for the services of plaintiff’s attorneys?
Appellee, Myrna R. Bosworth, after injury in an automobile collision, was paid for medical treatments under the personal injury protection (PIP) coverage of an automobile policy carried by appellant Hartford. Based upon an independent medical examination of appellee, appellant Hartford refused further payments. Appellee then filed suit to recover $4,746.15 in outstanding medical bills. A verdict was returned for the full amount.
At a subsequent hearing, an application for attorneys’ fees under section 627.428, Florida Statutes (1977) was considered. The court heard the testimony of the two attorneys representing appellee and two who qualified as experts. No testimony as to the amount of a reasonable fee was offered by Hartford.
Hartford contends that the trial judge improperly awarded the fee based upon a desire to punish Hartford for not settling the suit. See Meeks v. State Farm Mutual Automobile Insurance Co., 460 F.2d 776 (5th Cir.1972). The trial court apparently considered appellant’s argument and specifically found that this factor had not entered into its determination of the fee. We cannot conclude that this finding was incorrect because the fees awarded did not exceed the amount which the experts testified was reasonable.
Appellant also contends that the trial judge held they were limited to the “perimeters of the testimony” and therefore could not award less than the $9,000.00 figure. This contention is based on the following remarks of the trial judge:
THE COURT: I’m kind of locked in on the thing. I’m not particularly uncomfortable with it, but the award must be made within the perimeters of testimony and the law.
The trial judge is not confined to the amount which the witnesses, however well qualified, deem reasonable. See Universal Underwriters Insurance Co. v. Gorgei Enterprises, Inc., 345 So.2d 412, 414 (Fla.2d DCA 1977). The remarks of the trial judge indicate that he may have believed he had no discretion to award a smaller amount *1347 absent other proof. Therefore, we conclude that this cause must be remanded for further consideration of the award. We do not hold that the court did not have discretion to award an amount which was consistent with the expert testimony [see Aetna Cas. & Sur. Co. v. Florida Power & Light, 367 So.2d 1104 (Fla.3d DCA 1979)], but hold only that he was not confined to that amount and could have awarded a lesser amount.
Remanded for reconsideration consistent with this opinion.
ORFINGER and COBB, JJ., concur.