433 So.2d 1386 (1983)
Brenton H. HORTON, Appellant,
v.
Connie Sue HORTON, Appellee.
No. 82-870.
District Court of Appeal of Florida, Fifth District.
July 14, 1983.
Mark S. Peters, of Stevens & Peters, P.A., Merritt Island, for appellant.
No appearance for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment in a marriage dissolution case. The questions on appeal are whether the trial court erred in awarding a special equity in property and whether the trial court erred in requiring the husband to pay the wife's attorney's fees. We reverse.
Apparently the trial judge found that because the wife contributed somewhat to the support of the husband while they were married that she acquired a special equity in his property which he bought before they were married. It is axiomatic that any asset acquired before a marriage is not a marital asset. Canakaris v. Canakaris, *1387 382 So.2d 1197 (Fla. 1980), Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), Gallagher v. Gallagher, 399 So.2d 75 (Fla. 5th DCA 1981). When a marriage partner brings his or her own property to the marriage and does not make a transfer of the asset or any portion of it to the spouse then that asset remains separate property. Upon dissolution of the marriage the asset is still owned by the original owner. Unless the asset, or a portion of it, is awarded as lump sum alimony then the court must recognize the proper ownership of the property and not take it from the owner. Although the trial judge said the wife "contributed to the welfare of the ... husband and to the improvement of the assets owned by him during the time of the marriage" that is not a proper basis upon which to award an ownership interest in all of his property. To compound and confuse the matter the trial judge made no specific finding or judgment concerning what particular asset she improved nor how she acquired a special equity. Nor did he decide the amount of the special equity. The judgment merely says:
* * * * * *
4. That the Respondent-Wife/Counter Petitioner has contributed to the welfare of the Petitioner-Husband and to the improvement of the assets owned by him during the time of the marriage and that she is entitled to a special equity as a result of this contribution.
5. That the Petitioner-Husband shall pay directly to the Respondent-Wife the sum of $4,500.00, which shall include and be a complete settlement of all claims for alimony of any kind whatsoever, costs of this action and attorney's fees.
6. The aforesaid sum shall be paid to the attorney for Respondent-Wife, David M. Porter, for the deduction of costs and attorney's fees and distributed to the Respondent-Wife, CONNIE SUE HORTON. This amount shall be paid upon execution and rendition of this Judgment.
Where the parties are equally capable of securing competent counsel, neither should be required to pay the attorney's fees for the other. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Peak v. Peak, 411 So.2d 325 (Fla. 5th DCA 1982); Poppe v. Poppe, 412 So.2d 38 (Fla. 3d DCA 1982); Wenz v. Collings, 417 So.2d 318 (Fla. 5th DCA 1982).
The judgment is affirmed in all respects except that portion which takes from the husband and gives to the wife and her attorney $4,500.00. That portion is reversed.
AFFIRMED in part; REVERSED in part.
ORFINGER, C.J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I respectfully dissent in this case. The trial judge may have erred in labeling the award to the wife as a special equity, but that should not be a basis for our reversal, if it can be supported on another ground. Firestone v. Firestone, 263 So.2d 223 (Fla. 1972). Here, I think this $4,500.00 award can be justified on the basis of an equitable distribution of assets acquired by the parties through pooling their joint incomes and efforts. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The trial judge stated in explaining his decision that there was conflicting evidence about whether or not the wife contributed her income to the husband's acquisition of his business assets: a $10,000.00 tug boat and a $1,500.00 outboard. The parties started living together and pooling their income in 1976, and their business properties were acquired during that time period. They married in 1980. The trial judge concluded it was equitable to treat their assets as "marital assets," and I agree with him under the circumstances.
Further, there was no dispute but that the wife took out a $2,526.00 loan from a bank, and from these loan proceeds the husband used $1,200.00 to buy a pickup truck for himself. The balance was presumably spent to pay joint living debts and expenses. At the time of the dissolution, the wife owed $2,400.00 on this loan. At least the $1,200.00 would qualify as a special equity, in the Canakaris sense.