THREADGILL, Judge.
Appellant, husband, appeals a final judgment of dissolution challenging the award to appellee, wife, of a forty-five percent share of husband’s pension as equitable distribution of assets and $386 per month permanent alimony.
The final judgment provided as follows:
3. The Respondent shall pay to the Petitioner the sum of THREE HUNDRED EIGHTY-SIX ($386.00) DOLLARS per month as permanent, periodic alimony terminable upon the death or remarriage of the Wife. This alimony shall continue until such time that Respondent retires from the Florida Highway Patrol and begins to receive his pension funds.
4. The Petitioner is awarded a forty-five (45%) percent share of Respondent’s pension from the Florida Highway Patrol as equitable distribution of assets. The Petitioner is entitled to receive, and has a presently vested ownership interest in, 45% of any mo *73 nies paid to Respondent by way of the pension fund, either by monthly retirement benefits, by lump sum, or under any option exercised by the Respondent.
We affirm the final judgment. However, we find that the wife is not entitled to the increased value of the pension fund after the date of dissolution. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986) and Howerton v. Howerton, 491 So.2d 614 (Fla. 5th DCA 1986). It is unclear from the judgment whether the forty-five (45%) percent is to be calculated at the time the benefits are paid rather than based on present value. We therefore remand this cause for valuation of the pension plan and the entry of an amended final judgment reflecting the wife’s monetary entitlement as of the date the judgment was entered.
Affirmed in part, remanded in part.
SCHEB, A.C.J., and CAMPBELL, J., concur.