545 So.2d 428 (1989)
Richard TRANT, Appellant,
v.
Janice TRANT, Appellee.
No. 88-02504.
District Court of Appeal of Florida, Second District.
June 14, 1989.
G. Craig Soria, Sarasota, for appellant.
Charles J. Cheves of Cheves & Rapkin, Venice, for appellee.
PATTERSON, Judge.
This is an appeal from an amended final judgment of dissolution of marriage entered after remand in Trant v. Trant, 522 So.2d 72 (Fla. 2d DCA 1988) (Trant I). We reverse.
At the time of the original final judgment, April 1, 1987, the parties had been married 22.4 years. During the entire marriage the husband was employed with the Florida Highway Patrol and is a vested member of the State of Florida Retirement System. As part of the final judgment, the trial court awarded the wife a forty-five percent (45%) interest in the husband's pension. In Trant I, we said:
We affirm the final judgment. However, we find that the wife is not entitled to the increased value of the pension fund after the date of dissolution. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986) and Howerton v. Howerton, 491 So.2d 614 (Fla. 5th DCA 1986). It is unclear from the judgment whether the forty-five (45%) percent is to be calculated at the time the benefits are paid rather than based on present value. We therefore remand this cause for valuation of the pension plan and the entry of an amended final judgment reflecting the wife's monetary entitlement as of the date the judgment was entered.
522 So.2d at 73. By "monetary entitlement" we meant a specific fixed dollar amount.
Neither party offered further testimony or evidence at the hearing following remand. Confronted with these circumstances the trial judge entered an amended final judgment setting forth the method by which he arrived at the forty-five percent (45%) award and reaffirming his prior award of the wife's interest in the pension. He made no determination of a specific monetary value of the wife's interest.
Our mandate required the lower court to determine the present money value of the wife's pension interest. In fairness to the trial judge, he was afforded little assistance by the parties in this regard. We know of no Florida decision which details *429 the procedures used in determining present money value. We, therefore, look to other jurisdictions.
Two principal methods have evolved whereby courts distribute and divide pensions: the "immediate offset" method and the "deferred distribution" method. Braderman v. Braderman, 339 Pa.Super. 185, 488 A.2d 613 (1985). Under the immediate offset method, Janice Trant would receive the present value of her interest in Richard Trant's pension either in cash or as an offset in the husband's share of marital property.
The immediate offset method requires complicated calculations and will generally require expert testimony. In summary, the trial court would:
1. Using the opinion of an actuary, determine the value of the husband's interest in the fund as of the date of the final hearing.
2. Calculate how much of the present value was earned during the marriage by:
a. Creating a fraction where the numerator is the amount of time the employee was married while participating in the plan, and the denominator is the total time the employee has in the plan. This "coverture fraction" is the amount of the pension fund accumulated during the marriage; and
b. Multiplying the present value of the plan by the coverture fraction to produce a dollar figure. This is the part of the total present value of the fund which accrued during the marriage.
3. Equitably distribute that part of the total present value of the pension fund.
The immediate offset method contemplates that adequate assets are available to satisfy the award. The advantage of this approach is that it arrives at an immediate final resolution of the matter. The disadvantage is that it places the full risk of forfeiture or early retirement on the employee. This method also requires the court to make many assumptions and choose among variables which can dramatically alter the amount of the present money value. See In re Marriage of Pryor, 731 P.2d 895 (Mont. 1986).
The deferred distribution method is much simpler to calculate. Under this approach, the court determines what the employee's benefit would be if he retired on the date of the final hearing without any early retirement penalty. The court then multiplies this dollar amount by the percentage to which the other spouse is entitled. This method yields a fixed dollar amount which the awarded spouse receives from each of the employee's pension payments after retirement. Although it prolongs contact between the parties and raises the possibility of enforcement problems, this approach equally distributes the risk of forfeiture between the parties.
In Diffenderfer v. Diffenderfer, 491 So.2d 265, 270 (Fla. 1986), the Florida Supreme Court said:
While reduction to present money value might best place the benefits in proper perspective... . we decline to impose any rigid rules and leave the doing of equity to the trial court.
By this opinion we do not direct the trial court to employ one of these methods or otherwise attempt to limit its power to do equity. We merely bring the attention of the trial judge to these approaches as an aid in his further consideration of this case.
We, therefore, reverse the amended final judgment to the extent that it fails to comply with the mandate in Trant I and direct the trial court to determine the wife's monetary entitlement in the husband's pension fund as of the date of the final judgment.
SCHEB, A.C.J., and ALTENBERND, J., concur.