547 So.2d 1296 (1989)
Harry James ZABOROWSKI, Appellant,
v.
Janice May ZABOROWSKI, Appellee.
No. 88-1802.
District Court of Appeal of Florida, Fifth District.
August 31, 1989.
*1297 James R. Dressler, Cocoa, for appellant.
Brian Murtha of Nohrr, Boyd, Howze and Edwards, P.A., Melbourne, for appellee.
ORFINGER, Judge.
The former husband appeals the final judgment dissolving the parties' 13 year marriage. He contends that the court erred in awarding the former wife 50% of his pension benefits as an "equitable distribution" of marital assets when he had worked and contributed to his pension plan for 19 years prior to the marriage. We agree and reverse.
Assets acquired prior to a marriage are not marital assets. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). To the contrary, assets obtained premaritally remain the property of the owner spouse in the absence of evidence of a gift or conveyance of same to the owner's spouse. As this court stated in Horton v. Horton, 433 So.2d 1386 (Fla. 5th DCA 1983):
When a marriage partner brings his or her own property to the marriage and does not make a transfer of the asset or any portion of it to the spouse then that asset remains separate property. Upon dissolution of the marriage the asset is still owned by the original owner. Unless the asset, or a portion of it, is awarded as lump sum alimony then the court must recognize the proper ownership of the property and not take it from the owner.
Id. at 1387. The same principle should be applicable to pension benefits and Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986) does not mandate a contrary result. Here, the value of 19 years of premarital contributions was not a marital asset and thus was not subject to equitable distribution, absent a showing by the former wife that the former husband gave or assigned to her any portion of his right to the value of those years of contributions, or a proper award of an interest in the premarital value of the pension benefits as lump sum alimony.
Since Diffenderfer's holding that pension benefits acquired during the marriage are marital assets, only one case has squarely addressed the question of how to treat premarital contributions to the pension plan. In Reyher v. Reyher, 495 So.2d 797 (Fla.2d DCA 1986) the court held that "premarital contributions, when proven, should be excluded from an equitable distribution of pension plans." We agree. However, we cannot agree with our sister court's determination that "[i]n order to exclude any premarital contributions, the `owner' [the pensioned employee] must prove the value of the premarital contributions (and appreciation of that value, if any)." Id. at 800.
Reyher recognizes that the analysis in the equitable distribution of pension plans begins with 100% ownership by one party (in this case the former husband), and we agree. Where we depart from Reyher is its conclusion that the "owner" must then prove the value of the non-marital portion. We deem it the burden of the claiming spouse, in this case the former wife, to prove what she claims, i.e., an interest in the pension plan and its value, in keeping with the recognized rule of law that he (or she) who claims must prove.
We therefore reverse that portion of the final judgment which awards a 50% interest in the pension fund to the wife, and remand the cause to the trial court for further proceedings which may include the taking of additional testimony from the *1298 parties as to the premarital and postmarital values of the pension fund in accordance with the principles set forth in this opinion, and which shall thereafter culminate in a division of the pension funds in accordance herewith and in accordance with the principles of law established in Diffenderfer. To the extent indicated herein, we acknowledge conflict with Reyher.
REVERSED and REMANDED.
SHARP and COWART, JJ., concur.