591 So.2d 655 (1991)
George A. HAYDU, Appellant,
v.
Elizabeth Lee HAYDU, Appellee.
No. 90-771.
District Court of Appeal of Florida, First District.
December 17, 1991.
*656 Lyman T. Fletcher, Jacksonville, for appellant.
Michael J. Korn, of Christian, Prom, Korn & Zehmer, P.A., Jacksonville, for appellee.
ERVIN, Judge.
Appellant, George Haydu, appeals the final judgment of dissolution of his marriage to appellee Elizabeth Haydu. He contends the trial court erred in dividing his pension plan without calculating its present value; in distributing the marital assets inequitably; in awarding the former wife attorney's fees; in awarding excessive permanent alimony; in awarding permanent alimony to be paid out of the former husband's military retirement; in failing to make certain specific findings in the final judgment; in failing to adhere in the final order to its oral ruling as to insurance coverage; in including veteran's disability payments in the final judgment; and in ordering the husband to maintain the wife as beneficiary under his Survivor's Benefit Plan (SBP). Because we agree that the trial court erred in certain respects, as discussed infra, we reverse and remand the final judgment to permit the trial court to revisit the entire distribution scheme.
The parties, each of whom was 47 years old at the time of the final hearing, were married 25 years, from June 6, 1964 through December 7, 1989. The former husband was a commander in the United States Navy and had entered service in 1968. The court ordered the former husband to pay to the wife permanent periodic alimony in the amount of $450 per month, and $100 monthly child support for the minor child living with the former wife. The court also determined that there were two primary marital assets: the husband's military retirement and the marital home, and thereupon awarded the wife the home and 40 percent of the husband's "disposable military retirement pay including any cost of living increase received prior to the husband's retirement," directing payments to commence upon the husband's retirement.[1] The court determined from the evidence that the value of the home and adjoining lot was $125,000, and made the wife responsible for the $82,000 mortgage as well as future expenses. The court ordered the former husband to continue to provide medical and dental insurance for the family, secured by two existing lifeinsurance policies, one worth $50,000 and the other $150,000, with the former wife and minor children named as irrevocable beneficiaries. The court further directed that the former wife could elect to be covered by the SBP upon the former husband's retirement, and that her portion of the retirement benefit would be reduced by the monthly cost of the SBP. The court also divided the parties' remaining property and directed the former husband to "make *657 a contribution toward the wife's attorney's fees" in an amount to be determined after a further evidentiary hearing.
The primary error apparent in the dissolution order before us is the court's distribution of the parties' marital assets, which awarded to the former wife 40 percent of the former husband's military pension, and the marital home. The problem with the award is that there was no evidence before the court of the pension's value. Without such evidence in the record, it is impossible for us to determine whether the marital assets were equitably distributed.
Accordingly, we reverse and remand and direct the court to consider evidence of the value of the husband's retirement, as discussed below, and next to evaluate whether any of the remaining awards should be altered. Specifically, the awards of permanent alimony, the marital home, attorney's fees, and the option to elect to participate in the SBP,[2] while not necessarily erroneous, should be revisited in light of the evidence of the pension's value.
Moreover, it was error for the court to make a simple 60/40 division of the future pension in that the parties were married for a shorter period of time (21 years) than the husband's overall military service (23 years). The court must take into consideration the difference between the above two periods when determining the former wife's share therein, because this number represents the period of time the former wife contributed to the former husband's military career. In a recent opinion from this court in which this issue is thoroughly addressed, DeLoach v. DeLoach, 590 So.2d 956 (Fla. 1st DCA 1991), we described various formulae a trial court may utilize to apportion a former spouse's share in a servicemember's military pension.[3] Because the record indicates that appellant in the case at bar has now retired, the court on remand should be able to accurately determine the parties' assets and arrive at an equitable division of the retirement benefits.
We also direct the trial court to clarify two items in the final judgment. First, the court ordered the former husband to maintain two policies of life insurance, naming the wife and minor children as irrevocable beneficiaries, but did not state that the husband could remove names of the children as beneficiaries once they reach their majority. Because a father's duty of support expires when his children achieve their majority, Evans v. Evans, 443 So.2d 233 (Fla. 1st DCA 1983), the trial court should provide for such termination of the insurance obligation in the final order. Second, the final judgment contains the following provision: "The Wife's portion of the Husband's retirement shall not be reduced by deductions for VA disability payments or the like." The appellant claims the effect of this provision means that if he receives disability benefits in the future, the former wife will be entitled to receive 40 percent thereof. This is strictly prohibited pursuant to Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989); McMahan v. McMahan, 567 So.2d 976 (Fla. 1st DCA 1990). Appellee, on the other hand, interprets this provision to mean that if her former husband either now or in the future decides to maintain a Veteran's Administration disability policy through deductions from his retirement benefits, her retirement payment should not be reduced. Because we are unable to determine with certainty the court's actual intention from the above provision, we remand with directions that the order in this regard be clarified.
We reject appellant's remaining contentions, regarding the issue of double dipping and lack of specificity in the judge's findings as without merit.
*658 REVERSED and REMANDED for further findings consistent with this opinion.
SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] In an order submitted to this court during the pendency of this appeal, it is noted that the former husband retired from the Navy in July 1991.
[2] Contrary to appellant's assertion, trial courts have the discretion to order a spouse to maintain an annuity for a former spouse under the Survivor Benefit Plan. Heldmyer v. Heldmyer, 555 So.2d 1324 (Fla. 5th DCA 1990).
[3] For example, to use a simple formula from DeLoach:

40% (wife's share) X [21 (years of marriage in military) ÷ 23 (total years in military)] X husband's monthly benefit = wife's monthly portion.