640 So.2d 108 (1994)
Holly Giles CHILDERS, Appellant/Cross-Appellee,
v.
William F. CHILDERS, Appellee/Cross-Appellant.
Nos. 93-1040, 93-1041.
District Court of Appeal of Florida, Fourth District.
July 20, 1994.
*109 Louis H. Schiff, Tamarac, and Karen A. Gagliano of Karen A. Gagliano, P.A., Boca Raton, for appellant/cross-appellee.
Steven R. Jacob, Boynton Beach, for appellee/cross-appellant.
HERSEY, Judge.
This is an appeal from a final judgment dissolving the seven year marriage of the parties. At issue are the alimony, equitable distribution, and child support awards.
Prior to the marriage, the parties lived together for a period of time. A child was born of that union who died two months after birth, and a medical malpractice lawsuit is pending for the wrongful death of the infant.
Another child, Jacey, was born of the marriage and appellee, William F. Childers, is required to pay child support and maintain insurance for her benefit.
Midway through the marriage the parties ceased sharing the same bedroom. Eventually appellant, Holly Giles Childers, had an affair which resulted in the birth of another child.
In the course of structuring a scheme of equitable distribution the trial court determined that, because of her adultery, appellant was not entitled to share in her husband's pension plan, although it was for the most part a marital asset. This was error. Pension benefits acquired during the marriage are marital assets. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). Absent a showing of a related depletion of marital assets, a party's adulterous misconduct is not a valid reason to award a greater share of those marital assets to the innocent spouse. Heilman v. Heilman, 610 So.2d 60, 61 (Fla. 3d DCA 1992), citing Bell v. Bell, 587 So.2d 642 (Fla. 1st DCA 1991). See also Noah v. Noah, 491 So.2d 1124 (Fla. 1986). William Childers failed to make such a showing at trial.
Some of the pension plan benefits accrued prior to the marriage. This raises the question of which party has the burden to show how much of the plan should be included in the marital estate. The second district court of appeal has held that the burden is on the person with the pension. Reyher v. Reyher, 495 So.2d 797 (Fla. 2d DCA 1986). The fifth district has placed the burden on the non-pensioned spouse. Zaborowski v. Zaborowski, 547 So.2d 1296 (Fla. 5th DCA 1989). In the interest of judicial economy we prefer the approach of the Reyher court. The person with the pension obviously has access to the facts and figures necessary for the trial court to make a determination of the value of the benefits and to fit that determination into the plan of equitable distribution. The non-pensioned person could develop those facts and figures only through the discovery process which might become both expensive and time-consuming. On remand, the burden will be upon the appellee-husband to prove whether some portion of his pension benefits accrued prior to marriage and therefore should not be included as a marital asset.
On the issue of alimony, the trial court refused to require appellee to pay rehabilitative alimony because of the adultery, *110 but instead granted appellant permanent periodic alimony. This, too, was error. The evidence establishes that, some minor limitations notwithstanding, the wife was a prime candidate for rehabilitation into the work force. To deny her that opportunity because of her adultery was wrong, based upon the same reasoning and authorities that we have previously discussed on the issue of equitable distribution of pension benefits. On the other hand, this was a relatively short term marriage. Furthermore, the appellant is young and comparatively healthy, so an award of permanent, periodic alimony may be inappropriate or, at least, premature at this point. If, after a reasonable time, the trial court should find that her efforts to rehabilitate herself have met with failure, then it should consider a conversion of rehabilitative to permanent periodic alimony.
As indicated earlier, the parties brought an action for damages caused by the untimely death of their first child. The trial court "equitably distributed" that claim equally between the parties. Appellee complains that this was error because the wife is alleged to have been comparatively negligent whereas the husband was not, and that the award should therefore have been divided proportionately rather than equally. We will leave it to the trial court and perhaps the jury in that separate action to make such awards as may be appropriate to each of the parties. Such awards to specific named parties are not marital assets and should not be considered as having been affected or modified in any way by the final judgment under review here. As to any recovery by the estate of the deceased child or by the mother and father jointly and without differentiation, the award is considered a marital asset and we affirm the trial court's determination that it should be divided equally.
Finally, the trial court ordered appellee to pay child support, the amount of which has been placed in issue by this appeal. While the trial court apparently attempted to employ the guidelines to establish that amount, we are unable to reconstruct the process whereby he arrived at a final figure. While this might not ordinarily require reversal, an additional factor does. The guidelines are based upon the respective net incomes of the parties. The evidence in this record establishes only gross income. Basing a child support obligation solely on gross income figures is erroneous and requires reversal.
Accordingly, we reverse as to those items we have found to be in error and we remand for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
DELL, C.J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.