733 So.2d 1090 (1999)
Dan GLADSTONE, a/k/a Dani Gladstone, Appellant/ Cross-Appellee,
v.
Pamela J. GLADSTONE, Appellee/ Cross-Appellant.
No. 98-0992.
District Court of Appeal of Florida, Fourth District.
May 12, 1999.
Rehearing Denied June 11, 1999.
*1091 Michael David McDonough, Wellington, for appellant/cross-appellee.
Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, P.A., and Jack Ackerman, West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
We have for review a final judgment of dissolution of marriage. The former husband appeals the equitable distribution scheme and the trial court's failure to award him both alimony and attorney's fees. The former wife cross appeals, challenging the trial court's failure to impute income to the former husband for the purpose of awarding her alimony. Because the order appealed contains none of the factual findings required by chapter 61, frustrating appellate review, we reverse and remand for further proceedings.
Section 61.075, Florida Statutes (1997), provides in relevant part:
(1) In a proceeding for dissolution of marriage, ... the court shall set apart to each spouse that spouse's nonmarital assets and liabilities, and in distributing the marital assets and liabilities between the parties, the court must begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors....
. . . .
(3) In any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence.... The distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following:
(a) Clear identification of nonmarital assets and ownership interests;
(b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
(c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;
(d) Any other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities.
. . . .
(7) All assets acquired and liabilities incurred by either spouse subsequent to the date of the marriage and not specifically established as nonmarital assets or liabilities are presumed to be marital assets and liabilities.
See also § 61.08(1), Fla. Stat. (requiring findings of fact with regard to an award of alimony). The order appealed contains *1092 none of these factual findings, making reversal and remand necessary.
On remand, the trial court must clearly identify each of the assets and liabilities as either marital or nonmarital and ascribe a value to any marital assets and liabilities. The court should then equitably distribute the marital assets and liabilities, including any foreign assets or debts. With regard to the designation as marital or nonmarital, "[t]he burden of proof is on the spouse who wishes to show that an asset or liability acquired during the marriage is not ... marital...." Deas v. Deas, 592 So.2d 1221, 1222 (Fla. 1st DCA 1992)(citing Robertson v. Robertson, 593 So.2d 491 (Fla.1991)). The trial court may, in its discretion, take any additional evidence necessary to fulfill its obligation to make the required factual findings. In addition, the issues of alimony and attorney's fees may be revisited.
REVERSED and REMANDED for further proceedings.
DELL, POLEN and STEVENSON, JJ., concur.