869 So.2d 735 (2004)
Vivian Ann SWANSON, Appellant,
v.
Donald E. SWANSON, Appellee.
No. 4D03-1178.
District Court of Appeal of Florida, Fourth District.
April 7, 2004.
Christopher C. Cloney of Cloney & Cloney, P.A., Fort Lauderdale, for appellant.
Michele Cummings and Robyn Vines of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellee.
POLEN, J.
The former Wife, Vivian Ann Swanson, appeals the equitable distribution provisions of the trial court's post-judgment order. In equitably dividing the marital property, the trial court ordered that each spouse receive 45% of the value of the other spouse's pension fund at its value as *736 of January 17, 1990, the date of the final judgment of dissolution of marriage. Though we find no error with the trial court's initial distribution, we disagree with how the 45% of the respective pension funds were calculated. For the following reasons, we reverse the order of the trial court and remand with instructions to enter an amended order in accordance with this opinion.
On July 1, 1998, the former Husband became a participant in a Deferred Retirement Option Program (DROP), in which his pension benefits accrued interest and cost of living adjustments during participation. However, the Husband continued to work and receive salary until January 2003, when he received a lump sum payment equivalent to fifty-five months of retirement benefits. The former Wife sought a valuation of the former Husband's pension by moving for a Qualified Domestic Relations Order (QDRO). The former Wife's motion was amended to request a lump sum award of her share of the accrued DROP benefits. The former Husband, in response, sought a valuation of the Wife's pension as well.
As of September 2002, both spouses were vested. A hearing was held to calculate each spouse's 45% share of the other's pension. It was determined that the former Husband's pension fund in 1990 was worth $16,594 annually ($1,392 per month) if he attains full retirement or $10,440 annually ($870 per month) if he retires early. The trial court applied the early retirement calculation when valuing the former Husband's pension and determined the value to be $840.59 per month; however, when valuing the former Wife's pension at its 1990 value, the trial court assigned an annual value of $3,728.88 ($310.74 per month). This value was based upon the full retirement scale, because in 1990 the former Wife's pension had not yet vested. Therefore, had she retired early or otherwise been terminated, she would have lost her entitlement to those benefits.
Having determined the respective value of each pension, the trial court ordered that the former Husband's share (45% of $310.74, or $139.83) be deducted from the former Wife's share (45% of $840.59, or $378.27), resulting in a net benefit of $238.44 each month for the former Wife. The trial court ordered the offset to be applied immediately and retroactively to the former Husband's fifty-five months of accumulated benefits despite the fact that the former Wife was, and presently is still, not retired and thus not entitled to her pension benefits yet. This resulted in the former Wife being entitled to a lump sum payment of $13,090. However, the trial court also found that the Husband was taxed on the lump sum payment, and therefore imputed a tax rate of 15%, with the former Husband's consent, to the former Wife's portion, which amounted to $1,964. Ultimately, the former Wife received a lump sum payment of $11,126. Thereafter, the trial court ordered that the Wife receive $238.44 monthly commencing February 2003.
First, the trial court erred in calculating the Husband's pension value based upon an early retirement penalty. Florida law prohibits acknowledgment of an early retirement penalty when calculating the value of pension benefits. See Paris v. Paris, 707 So.2d 889, 890 (Fla. 5th DCA 1998)("the Florida Supreme Court made it clear that the valuation of pension benefits must be made excluding any penalty for early retirement."), disagreed with on other grounds by Acker v. Acker, 821 So.2d 1088, 1091 (Fla. 3d DCA 2002). In adopting the reasoning of Trant v. Trant, 545 So.2d 428 (Fla. 2d DCA 1989), the Supreme Court said *737 [b]y valuing [a] retirement plan without [an early retirement] penalty, the valuation recognizes that both parties are entitled to share in the benefits that have accrued during the marriage but which cannot be presently received without penalty. Both parties also get the benefit of the growth of that value simply because the payments are not received beginning at the time of dissolution.
Boyett v. Boyett, 703 So.2d 451, 453 (Fla. 1997).
At bar, the trial court was presented with documented evidence indicating that the former Husband's pension fund in 1990 was calculated to pay a normal annual benefit of $16,594, or to pay an early annual benefit of $10,440. The early annual benefit was calculated by multiplying by an early retirement factor of 0.62917. The former Husband argues, to no avail, that there was no reference to an early retirement penalty. Nevertheless, the $10,440[1] yearly figure is derived by applying an early retirement penalty. As such, the trial court erred by not valuing the pension benefits at their normal retirement value, excluding any penalty for early retirement.
Next, we take issue with the trial court's immediate offset of the former Wife's benefits with that of the former Husband's. The trial court acknowledged the two approved of methods for distributing pension benefits, namely "immediate offset"[2] and "deferred distribution,"[3] and ordered that "[e]ach party shall receive 45% of the value of the other's pension at its value as of January 17, 1990." Hence, the method of distribution chosen by the trial court was deferred distribution. However, at the hearing to determine the value of each spouse's pension, the trial court determined the respective values and then ordered an immediate offset of all benefits both retroactively and prospectively. This was ordered notwithstanding the fact that the former Wife was not retired and thus not yet receiving any pension benefits.
When a spouse is awarded a percentage of the other spouse's pension under the deferred distribution method, the entitlement occurs "after retirement." Trant, 545 So.2d at 429. Accordingly, the former Husband was not entitled to an offset for his share of the former Wife's pension benefits, which the former Wife was not currently receiving. Likewise, no such credit was, nor should have been, given to the former Wife while her 45% share of the former Husband's pension benefits were accumulating in the DROP program. We do not find the former Husband's risk of forfeiture argument to be meritorious or in alignment with the expressed goal of Trant.[4] Therefore, we find *738 it was error to award the former Husband an immediate and retroactive offset.
Finally, we turn to the trial court's failure to award the former Wife interest and cost of living adjustments for accrued benefits in the former Husband's DROP account. Contrary to the former Husband's argument, we find that the former Wife adequately pled, and did not withdraw, her claim to entitlement to said relief. Furthermore, as is obvious, 45% of the value of the former Husband's pension benefits as of January 17, 1990 belongs to the former Wife. Therefore, the interest and cost of living adjustments which were applied to the former Wife's share, despite being in the former Husband's DROP account, should also belong to the former Wife. Moreover, the former Wife sufficiently established that the DROP account received a 3% cost-of-living adjustment on the first day of each July, and it accrued tax deferred interest "at an effective annual rate of 6.5 percent compounded monthly, on the prior month's accumulated ending balance, up to the month of termination or death." § 121.091(13)(c), Fla. Stat. Therefore, we hold the trial court erred by not awarding the former Wife interest and cost of living adjustments which accrued in the former Husband's DROP account.
Consequently, we reverse the order of the trial court and remand with instructions to enter an order with the following adjustments: (1) the former Husband's pension value should reflect its full value, excluding the early retirement penalty, (2) the fifty-five-month lump sum benefit and all benefits thereafter should be recalculated to account for the erroneous premature offset, while permitting for a proper offset to be applied at the point in time when the former Wife began (or will begin) receiving her own pension benefits, and (3) the former Wife's benefits should be recalculated to include the cost-of-living adjustments and the accrued tax deferred interest. We find no error in the imputation of taxes upon the former Wife's lump sum benefit. The trial court's findings and previous order shall remain the same in all other respects. If the trial court determines the need to take additional testimony or entertain further argument of counsel to assist in making these adjustments, it may exercise its discretion to do so.
REVERSED and REMANDED.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] There is a minor discrepancy with this figure which has been acknowledged but not explained in the record. Our calculations reveal an early retirement benefit of $10,087.08.
[2] Under the immediate offset method, the Wife would receive the present value of her interest in the Husband's pension either in cash or as an offset in the husband's share of marital property, thus requiring complicated calculations and most likely expert testimony. See Trant, 545 So.2d at 429.
[3] Under the deferred distribution method, "the court determines what the employee's benefit would be if he retired on the date of the final hearing without any early retirement penalty. The court then multiplies this dollar amount by the percentage to which the other spouse is entitled. This method yields a fixed dollar amount which the awarded spouse receives from each of the employee's pension payments after retirement." Trant, 545 So.2d at 429.
[4] "Although [the deferred distribution method] prolongs contact between the parties and raises the possibility of enforcement problems, this approach equally distributes the risk of forfeiture between the parties." Trant, 545 So.2d at 429.