# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————————

No. 1D18-0576

———————————————————

SUZANNE M. BOLDEN,

    Appellant,

    v.

DONZALEIGH BOLDEN,

    Appellee.

———————————————————

On appeal from the Circuit Court for Duval County.
W. Gregg McCaulie, Judge.

January 10, 2019

WOLF, J.

Appellant, the former wife, challenges a final judgment of dissolution of marriage. She raises four issues on appeal. We find the trial court erred in calculating the marital portion of retirement pay for the purposes of equitable distribution. We affirm as to the other issues without comment.

### ENTITLEMENT TO RETIREMENT PAY

Appellant argues the trial court erred when it incorrectly calculated the amount of appellee's retirement pay appellant was entitled to receive as part of the equitable distribution of property. We agree.

To determine the amount of a retirement fund a party has accumulated during a marriage, a trial court must "'creat[e] a fraction where the numerator is the amount of time the employee was married while participating in the plan, and the denominator is the total time the employee has in the plan.' The trial court then multiplies the plan's present value by the coverture fraction to calculate the total present value of the retirement fund which accrued during the marriage." *Fritz v. Fritz*, 161 So. 3d 425, 428-29 (Fla. 2d DCA 2014) (quoting *Trant v. Trant*, 545 So. 2d 428, 429 (Fla. 2d DCA 1989)).

Here, the trial court's order is internally inconsistent in several regards, which requires reversal for a recalculation of the portion of the retirement fund that may be equitably distributed. First, the trial court found that appellee's retirement base pay was $4,378 per month and that appellee had 24 years and 7 months of service. In a separate paragraph, the trial court also found that appellee's retirement base pay was $4,078 per month and he had 24.5 years of service. The trial court utilized the $4,078 figure to calculate the amount of the equitable distribution. If this figure was incorrect, appellant has been shortchanged. These discrepancies need to be reconciled.

Additionally, the trial court deducted $817 per month from appellee's asserted retirement base pay of $4,078 per month because that is the portion of appellee's retirement appellee's first wife is entitled to receive. However, elsewhere in the order the trial court calculated appellee's first wife's portion of his retirement as $579.96 per month and found the $817 per month was child support appellee was required to pay for children from his previous marriage. Thus, it appears the trial court deducted the wrong amount from appellee's asserted retirement base pay, potentially skewing the calculations in appellee's favor. The trial court must also correct this discrepancy.

Lastly, the trial court erred in calculating the percentage of appellee's retirement pay that appellant was entitled to receive when it miscalculated the length of the parties' marriage. The trial court divided the total number of months of the marriage during which appellee was in the military by the total number of months appellee was in the military and then divided that

2

number in half to ascertain the percentage of appellee's retirement that appellant was entitled to receive. Thus, the court calculated that appellee was married to appellant for 23 months of the 295 months he served in the Navy, and appellant was entitled to 3.9% of appellee's retirement pay.

Appellee's total term of military service constituted 295 months, from July 1987 when he enlisted, to February 2012 when he retired, as the trial court indicated. However, the trial court's findings that the parties were married in March 2009, and appellee retired in February 2012, indicate the parties were married for roughly 35 months during which appellee was accruing pension benefits, not the 23 months the court used in its calculations.

The trial court's finding that appellant is entitled to 3.9% of appellee's retirement pay is thus inaccurate. The calculation should have been 35 months divided by 295 months (divided by 2), which would have yielded an entitlement of roughly 5.9%-6.0% of appellee's retirement pay.

Appellant also contends that it was error for the trial court to deduct the portion of appellee's retirement going to appellee's first wife when it calculated appellee's monthly retirement pay. We disagree. Appellant is only entitled to the portion of appellee's retirement benefits that appellee accumulated during the parties' marriage. *See Richardson v. Richardson*, 900 So. 2d 656, 660 (Fla. 2d DCA 2005). Since appellee's first wife was already entitled to a portion of appellee's retirement benefits via court order when the first marriage was dissolved, appellant cannot make a claim to the portion of the funds that were already allocated to appellee's first wife.

Based on the trial court's error related to equitable distribution, we reverse that part of the trial court's order dealing with the financial responsibilities of the parties and remand to the trial court to readdress these issues in accordance with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

LEWIS and ROWE, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Corrine A. Bylund, Jacksonville, for Appellant.

Otto D. Rafuse of Law Office of Otto D. Rafuse, LLC, Jacksonville, for Appellee.