# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0869
Lower Tribunal No. 16-20239
_____

**William I. Siegmeister,**
Appellant,

vs.

**Joyce D. Hellard,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marcia B. Caballero, Judge.

Richard Siegmeister, P.A., and Richard Siegmeister, for appellant.

Law Offices of Karen J. Haas, and Karen J. Haas, for appellee.

Before SCALES, LOBREE, and BOKOR, JJ.

PER CURIAM.

In this marriage dissolution proceeding, appellant William Siegmeister (Husband) appeals an April 11, 2023 equitable distribution order in favor of appellee Joyce Hellard (Wife).

In Hellard v. Siegmeister, 305 So. 3d 44 (Fla. 3d DCA 2019) ("Hellard I"), we affirmed the trial court's order that partially distributed the parties' marital assets but remanded for further proceedings to allow the trial court to determine and equitably distribute certain post-reconciliation[1] assets, pertaining particularly to a condominium located in South Miami, Florida, and two investment accounts. Id. at 45. Consistent with our Hellard I remand instructions, after the Hellard I mandate issued, the trial court conducted a four-day evidentiary hearing,[2] and determined that the South Miami condominium and the two investment accounts, all titled in Husband's name, indeed constituted marital property of the couple, subject to equitable distribution.

---

[1] The parties first separated in 2000, and Wife filed for divorce. They entered into a Marital Settlement Agreement (MSA). They reconciled soon thereafter, and Wife dismissed her divorce petition. In 2016, Wife again filed a divorce petition. In Hellard I, this Court held that the reconciliation abrogated the executory provisions of the MSA; in other words, the marital assets acquired by the parties after their 2001 reconciliation were subject to equitable distribution. Hellard I, 305 So. 3d at 48.

[2] We have been provided only a partial transcript from one day of this hearing.

In this appeal, Husband argues that he met his evidentiary burden to establish that the subject property was not marital property. See Jahnke v. Jahnke, 804 So. 2d 513, 517 (Fla. 3d DCA 2002) ("'The burden of proof is on the spouse who wishes to show that an asset or liability acquired during the marriage is not . . . marital . . . .'" (quoting Gladstone v. Gladstone, 733 So. 2d 1090, 1092 (Fla. 4th DCA 1999))). He further argues that the trial court's marital property determinations are not supported by competent, substantial evidence. See § 61.075(3), Fla. Stat. (2023) ("[A]ny distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in [section 61.075(1)]"); Apesteguy v. Keglevich, 319 So. 3d 150, 153 (Fla. 3d DCA 2021).

The trial court's order comes to us with a presumption of correctness. Pardes v. Pardes, 335 So. 3d 1241, 1244 (Fla. 3d DCA 2021). Having been provided only a limited record of the trial court's evidentiary hearing, we are unable to conclude that the trial court's marital property factual findings are erroneous. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1980). We, therefore, affirm the challenged order.

Affirmed.