DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

AIDA L. CANCEL,

Appellant,

v.

MICHAEL A. CANCEL,

Appellee.

No. 2D2023-0471

_____

December 18, 2024

Appeal from the Circuit Court for Pasco County; Brian Gnage, Judge.

Steven J. Glaros of The Law Offices of Steven J. Glaros & Associates, Palm Harbor, for Appellant.

Mark F. Baseman of Felix, Felix & Baseman, Tampa, for Appellee.

NORTHCUTT, Judge.

Aida L. Cancel appeals the judgment dissolving her marriage to Michael A. Cancel. Among the several issues she has raised, we find harmful error in the circuit court's refusal to distribute the marital portion of Mr. Cancel's pension.

The parties worked as federal employees for many years during the marriage and both earned pensions. In 2019, they agreed that Ms. Cancel would retire, and she began collecting monthly pension benefits.

Mr. Cancel continued working, and he was still employed when the final judgment dissolved the parties' marriage. Thus, his pension was still accruing and not yet in pay status. It was indisputably much greater in value than his wife's.

In *Diffenderfer v. Diffenderfer*, 491 So. 2d 265, 270 (Fla. 1986), the supreme court recognized that courts may treat the marital interest in a retirement account either as property to be equitably distributed or as a source of income for support purposes. Given that Ms. Cancel's pension was in pay status, the circuit court appropriately treated it as a monthly income source when determining the amount of her permanent periodic alimony award. Regarding Mr. Cancel's pension, the court ventured that it could not distribute the marital portion of the asset because Mr. Cancel was not yet collecting it and because the parties had presented no evidence of its present value. The court explained its reasoning as follows:

> The Wife requested a portion of this pension and that request is not feasible given the uncertainty of when the Husband should choose to retire and what the benefit would be. The Parties both chose to proceed without providing any current valuations of their respective pensions and so in effect stipulated [that] the Court could not set a current value on the pensions.

Thus, the court opined that Mr. Cancel's pension must be "moving forward as a means of income to the Husband when he chooses to retire that he will be in a better financial situation [than] the wife."

The circuit court's suggestion that it could not distribute Mr. Cancel's future pension benefits without evidence of their present value was incorrect. As we will explain, the court overlooked at least one method it could have employed to account for the asset in its financial award without receiving such evidence. This failure to appreciate the

2

scope of the remedies available to it compels us to reverse.  *See Hartford Acc. & Indem. Co. v. Bosworth*, 382 So. 2d 1345, 1346–47 (Fla. 5th DCA 1980) (reversing and remanding for further consideration when the trial court appeared to have misapprehended the extent of its discretion when deciding the amount of an award based on the evidence presented).

The *Diffenderfer* court observed that "[i]n most cases . . . it may be preferable to deal with pension rights as a marital asset rather than" as a future income stream.  491 So. 2d at 268.  Florida courts have since developed two principal methods of equitably distributing a future pension benefit as an asset.  The first is to order an "immediate offset," in which the court distributes the portion of the pension's present value that was earned during the marriage.  *Trant v. Trant*, 545 So. 2d 428, 429 (Fla. 2d DCA 1989).  This marital interest is calculated by multiplying the present value of the pension by a "coverture fraction" in which the denominator is the total time the employee has participated in the retirement plan and the numerator is the time the employee has been married during that participation.  *Id.*  Distributing a pension by this method generally requires expert testimony to establish present value, which was lacking here.  *See id.*

The other, simpler option is a "deferred distribution."  Under this approach, the court must have evidence of the amount of the employee's benefit assuming "he retired on the date of the final hearing without any early retirement penalty."  *Id.*  "The court then multiplies this dollar amount by the percentage to which the other spouse is entitled."  *Id.* This results in a fixed dollar amount that is to be deducted and paid to the other spouse each time the pension holder receives a pension benefit. *Id.*; *Brock v. Brock*, 690 So. 2d 737, 739 (Fla. 5th DCA 1997).

3

In the instant case, the record before the circuit court included all the information necessary for calculating the marital portion of Mr. Cancel's retirement benefits and ordering a deferred distribution of Ms. Cancel's share. The court erred in its conclusion that it could not distribute the marital interest in the pension, and it abused its discretion by simply leaving the matter for future consideration when Mr. Cancel retires.

Accordingly, we reverse the judgment insofar as it failed to equitably divide Mr. Cancel's pension benefits, and we remand for further proceedings on that issue. Because this asset was entirely omitted from the original equitable distribution scheme, its distribution on remand may be accomplished without disturbing the other awards.

Affirmed in part, reversed in part, and remanded.

SLEET, C.J., and LUCAS, J., Concur.

_____

Opinion subject to revision prior publication.