CRENSHAW, Judge.
Edward A. Horton, the Former Husband, appeals the final judgment dissolving his marriage to Ella Horton, the Former Wife. On appeal the Former Husband argues that the trial court incorrectly calculated the marital portion of his retirement account and that credit should have been awarded for all nonmarital funds contributed to the parties’ Naples home. The Former Wife cross-appeals, arguing that the trial court incorrectly calculated the marital portion of the Former Husband’s retirement account, erred in carving out a nonmarital interest in the value of the Naples home for the Former Husband, *691 and erred in denying her request for alimony. Based on the reasons expressed below, we reverse the trial court’s division of the Former Husband’s retirement account and unequal distribution of the Naples home. We affirm the trial court’s award of rehabilitative alimony for tuition expenses, but reverse the denial of a rehabilitative award for living expenses. We affirm the remainder of the final judgment of dissolution.

Division of the Former Husband’s retirement account

Because the trial court used an incorrect coverture fraction in calculating the marital portion of the Former Husband’s retirement account, we reverse and remand for further proceedings. The marital portion of a retirement account is to be equitably distributed under section 61.075, Florida Statutes (2009). A cover-ture fraction is a formula used by the trial court to determine the marital portion of a retirement or pension fund. Parry v. Parry, 933 So.2d 9, 14 (Fla. 2d DCA 2006). To determine the amount of a retirement or pension fund accumulated during the marriage, the trial court “creat[es] a fraction where the numerator is the amount of time the employee was married while participating in the plan, and the denominator is the total time the employee has in the plan.” Trant v. Trant, 545 So.2d 428, 429 (Fla. 2d DCA 1989) (emphasis added). The trial court then multiplies the plan’s present value by the coverture fraction to calculate the total present value of the retirement fund which accrued during the marriage. Id.
Here, the trial court applied the correct methodology to determine the marital portion of the Former Husband’s retirement account with American Airlines, but it used an incorrect coverture fraction. The Former Husband testified that he worked for American Airlines for a total of twenty-nine years. Of those twenty-nine years, he worked and contributed to the retirement plan for only six to seven months of marriage. And because there is no competent substantial evidence supporting a period beyond six to seven months, we conclude that the trial court erred in using a numerator of twelve months to determine the marital portion of the retirement account. Accordingly, we reverse and remand for the trial court to recalculate the marital portion of the Former Husband’s retirement account using a correct cover-ture fraction not to exceed six to seven months.

Division of the Naples home

We next conclude that the trial court erred in carving out a nonmarital interest in the Naples home because all of the funds used to purchase the home were commingled with marital funds. The Former Husband argued below that he was entitled to the funds used to purchase the parties’ Naples home because the funds came from the sale of his nonmarital property in Plano, Texas. However, the trial court found that after the parties married, the mortgage on the Plano, Texas property was paid with marital funds. Further, the funds from the Plano, Texas property sale were deposited into accounts that the trial court specifically found to be marital assets because of commingling. And because the funds lost their nonmarital character when they were commingled with marital funds, we conclude that the trial court erred in carving out a nonmarital interest for the Former Husband in the parties’ Naples home. See Pfrengle v. Pfrengle, 976 So.2d 1134, 1136 (Fla. 2d DCA 2008).
We also note that the trial court explicitly declined to find justification for an unequal distribution of marital assets. Accordingly, we reverse the portion of the final judgment crediting the former hus *692 band with $129,500 of the equity in the Naples home and remand for the property to be equitably distributed.

Denial of alimony

We conclude that the trial court abused its discretion in limiting the rehabilitative alimony award to the Former Wife’s educational expenses. We affirm without comment the denial of the Former Wife’s request for permanent alimony. “The principal purpose of awarding rehabilitative alimony is to provide funds to the requesting spouse so he or she can establish the capacity for self-support, either through the redevelopment of previous skills or the provision of the training necessary to develop potential supportive skills.” Lovell v. Lovell, 14 So.3d 1111, 1115 (Fla. 5th DCA 2009). The spouse seeking rehabilitative alimony must present a rehabilitative plan to the trial court, and the record must show that the requesting spouse has a need for the alimony and that the other spouse has an ability to pay. Id. at 1116.
Here, the Former Wife requested $4200 per month of rehabilitative alimony plus tuition costs to allow her to obtain a degree as a paralegal. The trial court considered the factors of section 61.08, Florida Statutes (2009), and found that the Former Wife had no monthly income, that the Former Husband had financially supported the Former Wife throughout the marriage, and that “[biased on the scheme of equitable distribution ... there is significant disparity in the parties’ financial circumstances and ... the [Former Wife] leaves with fewer assets and no significant potential for investment income.” The trial court also noted that the Former Wife was a lawyer in her native country but is unable to practice law in the United States. The trial court ordered the Former Husband to pay up to two years of tuition on behalf of the Former Wife, but it failed to provide any rehabilitative alimony towards her costs of living. In doing so, we conclude that the trial court abused its discretion. We therefore affirm the award of rehabilitative alimony for tuition expenses but reverse the denial of rehabilitative alimony for living expenses. On remand, the trial court shall award the Former Wife rehabilitative alimony commensurate with her rehabilitative plan so she can establish the capacity for self-support. The trial court may reconsider the amount of rehabilitative alimony in light of the parties’ current financial standing including the equitable division of the Naples home.
Based on the foregoing reasons, we reverse and remand for the trial court to recalculate the marital portion of the Former Husband’s retirement account using a correct coverture fraction supported by the Former Husband’s testimony. We reverse the portion of the final judgment crediting the Former Husband with $129,500 of the equity in the Naples home, and we remand for the property to be equitably distributed. Finally, we reverse and remand for further proceedings the partial denial of the Former Wife’s request for rehabilitative alimony. We affirm the remainder of the final judgment of dissolution.
Affirmed in part, reversed in part, and remanded with directions.
KELLY and WALLACE, JJ., Concur.