# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D16-3984

———————————————

CATHERINE EBERHART, Former
Wife,

     Appellant,

     v.

DENNIS EBERHART, Former
Husband,

     Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Lance M. Day, Judge.

February 23, 2018

PER CURIAM.

This case requires us to interpret imprecise language in a consent final judgment. Our review is de novo. *See Toussaint v. Toussaint*, 107 So. 3d 474, 477 (Fla. 1st DCA 2013). Because the trial court's interpretation was wrong, we reverse.

Catherine Eberhart served in the United States Navy for nearly twenty-one years. She had already served about ten years when she married Dennis Eberhart in 1993. She retired in 2004, and she divorced eight years later. Through their consent divorce judgment, the parties agreed that Catherine Eberhart would pay "undifferentiated support," and Dennis Eberhart would waive

(temporarily, at least) any entitlement to a share of his wife's Navy pension.

The judgment also had a provision, though, saying if the undifferentiated support ended, the court could award Dennis Eberhart "a one-half share of the marital portion" of Catherine Eberhart's pension. And it parenthetically defined the "marital portion" to mean "the date of marriage to the date of this Final Judgment"—the language central to this appeal.

The parties agree that the undifferentiated support ended, and they seem to agree Dennis Eberhart is entitled to "a one-half share of the marital portion" of the pension. The only dispute is about what to make of the parenthetical definition. In other words, what is the "marital portion" of which Dennis Eberhart deserves "a one-half share"?

The marital portion of any retirement plan is the portion accumulated during the marriage. *See Horton v. Horton*, 62 So. 3d 689, 691 (Fla. 2d DCA 2011). The parenthetical's language is consistent with this general rule. The marital portion includes all retirement benefits Catherine Eberhart accumulated during the marriage—or, said another way, all retirement benefits Catherine Eberhart accumulated from "the date of marriage to the date of [the] Final Judgment." If she stopped accruing benefits when she retired in 2004, then that is when the marital portion was set, even if the marriage lasted years longer.

The parties could have, of course, agreed to other terms. They could have defined "marital portion" to mean something other than what it usually means. But the language at issue here does not show that the Eberharts did that. The language does not indicate they intended the court to determine the "marital portion" by looking to anything other than (i) the retirement benefits accumulated while the parties were married and (ii) the retirement benefits accumulated while the parties were *not* married.

REVERSED.

KELSEY, WINOKUR, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jason K. Hutchinson of Hutchinson Law, Jacksonville, for Appellant.

Michael M. Giel of Giel Family Law, P.A., Jacksonville, for Appellee.