DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH W. PIERRE,**
Appellant,

v.

**MARIE C. PIERRE,**
Appellee.

No. 4D14-1651

[February 24, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alfred Horowitz, Judge; L.T. Case No. FMCE 10-002742.

Lane Weinbaum of Weinbaum P.A., Plantation, for appellant.

No brief filed for appellee.

PER CURIAM.

Joseph Pierre ("the husband") appeals the trial court's final judgment of dissolution of marriage. He argues that (1) the trial court erred in entering a default against him and striking his pleadings; (2) the general magistrate failed to demonstrate impartiality by prompting the wife to alter her request for imputed income to the husband; (3) the trial court erred in entering judgment on issues not raised in the pleadings; (4) the trial court erred in failing to make findings regarding the value of the couple's assets and liabilities; and (5) the trial court's time sharing plan was not supported by competent substantial evidence. We affirm on issues (1), (2), (3) and (5), without discussion, and reverse as to issue (4) regarding equitable distribution.

Marie Pierre ("the wife") initiated the proceedings below with a petition for dissolution of marriage. In the petition, the wife sought shared parental custody of the couple's ten-year-old son and requested that the court establish a parenting plan. The wife also requested that the court determine the distribution of the couple's marital assets and liabilities under section 61.075, Florida Statutes.

After the husband continually failed to comply with multiple requests

for production and orders to submit mandatory disclosures and responses to interrogatories, the trial court struck the husband's pleadings and entered a default against him.

A final hearing was held before a general magistrate. The husband failed to appear and the wife was the only witness to testify. She testified as to the value of some of the marital assets and debts, and as to how the marital assets and debts should be equitably divided.

In regards to equitable distribution, the general magistrate awarded the wife a vehicle and the husband's interest in the marital residence. Each party was permitted to retain their own retirement savings. As for debts, the general magistrate concluded that each party would be responsible for his or her own credit card debt, as requested by the wife. The trial court entered its final judgment of dissolution of marriage ratifying and approving the general magistrate's report. This appeal follows.

The standard of review for the distribution of marital assets and liabilities and an award of alimony is abuse of discretion. *Canakaris v. Canakaris*, 382 So. 2d 1197 (Fla. 1980). A trial court abuses its discretion when its "judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court." *Id.* at 1203 (quoting *Delno v. Mkt. St. Ry. Co.*, 124 F.2d 965, 967 (9th Cir. 1942)).

The husband argues on appeal that the trial court erred in failing to make specific written findings in its order regarding the value of the assets and liabilities it distributed, including the marital home, the vehicle, and the wife's retirement plan. Section 61.075(3), Florida Statutes, requires that "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1)." § 61.075(3), Fla. Stat. (2014). Additionally, "[t]he distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the . . . (b) [i]dentification of marital assets, *including the individual valuation* of significant assets, and designation of which spouse shall be entitled to each asset." *Id.* (emphasis added). Without the appropriate findings, we are unable to determine whether a reasonable person could conclude that the trial court's disposition of assets and liabilities was not arbitrary, fanciful, or unreasonable. Because the trial court failed to make specific written findings regarding the valuation of the assets and liabilities it distributed, we reverse and remand for the trial court to make such required written findings.

2

*Reversed and remanded.*

WARNER, LEVINE and CONNER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**