DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KATHY DEASY,**
Appellant,

v.

**KEVIN DEASY,**
Appellee.

No. 4D2023-0317

[May 15, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen Miller, Judge; L.T. Case No. 502020DR003773XXXNB.

Amy D. Shield and Roger Levine of Shield & Levine, Boca Raton, for appellant.

Steven Cripps of Law Offices of Orsley & Cripps, West Palm Beach, for appellee.

PER CURIAM.

On the wife's appeal of a final judgment of dissolution, we affirm in part and reverse in part for the reasons set forth below.

### *Equitable Distribution*

*Required Findings*

We reverse the equitable distribution for the failure of the trial court to make statutorily required findings regarding marital assets and liabilities.

In any contested dissolution action where no agreement has been reached, "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1)." § 61.075(3), Fla. Stat. (2019). The distribution "shall include specific written findings of fact" as to the "[i]dentification of marital assets, including the individual valuation of significant assets, and

designation of which spouse shall be entitled to each asset," and as to "[i]dentification of the marital liabilities and designation of which spouse shall be responsible for each liability." § 61.075(3)(b), (c), Fla. Stat. (2019). Where the trial court fails "to make specific written findings regarding the valuation of the assets and liabilities it distributed," an appellate court must "reverse and remand for the trial court to make such required written findings." *Pierre v. Pierre*, 185 So. 3d 1264, 1265 (Fla. 4th DCA 2016).

Here, the trial court erred in failing to make specific written findings of fact as to the identification of marital assets and liabilities, the valuation of significant marital assets, and the designation of which marital assets and liabilities would be distributed to each spouse. This error was preserved in the wife's motion for rehearing. On remand, the trial court shall make the statutorily required findings. In its discretion, the court may take additional evidence or rely on the evidence presented at the final hearing.

*Federal Income Tax Liability*

We affirm the trial court's finding as to back taxes owed to the Internal Revenue Service. One argument the wife makes is that the back taxes should have been treated as the nonmarital property of the husband because the husband signed the wife's name on tax returns without her consent.

"Marital assets and liabilities" include "[a]ssets acquired and liabilities incurred during the marriage, individually by either spouse or jointly by them." § 61.075(6)(a)1.a., Fla. Stat. (2019). However, "[a]ny liability incurred by forgery or unauthorized signature of one spouse signing the name of the other spouse" is the nonmarital liability of the party having committed the forgery or affixed the unauthorized signature, unless the forged or unauthorized signature was subsequently ratified by the other spouse. § 61.075(6)(b)5., Fla. Stat. (2019).

Here, the tax deficiency was not a "liability incurred by forgery or unauthorized signature." The back taxes are not analogous to a loan obtained by forgery. A tax return is merely a representation to the federal government of the taxpayers' income for a particular year. None of the parties' tax debt was incurred because the husband signed the wife's name to the tax returns without her authorization. Instead, the parties' tax liability was incurred by virtue of their failure to pay sufficient tax on the income they earned from 2016 to 2018. Similarly, the interest and

penalties were incurred by virtue of the parties' failure to timely pay their taxes.[1]  The forgery itself did not create any of the tax liability.

This situation is different from the situation in *Mills v. Mills*, 192 So. 3d 515 (Fla. 5th DCA 2016), upon which the wife relies.  There, the husband obtained a loan against the marital home by forging his wife's signature on a loan application, and he offered no evidence that the wife ratified the loan.  *Id.* at 517.

We reject the wife's remaining arguments on the tax deficiency without further comment.

### *Mercedes Sprinter Van*

The husband's sale of the Mercedes Sprinter Van for $1,000 should have been treated as marital waste.  The evidence was that the fair market value of the van was about $30,200.  The only reasonable interpretation of the evidence is that the husband intentionally sold this asset at far below market value to benefit a friend's roommate at the expense of the marital estate.

### *Other Equitable Distribution Issues*

Except as noted above, we affirm the trial court's determination of all other equitable distribution valuation issues without further discussion.

## **Alimony**

We reverse the award of alimony for the trial court to make specific findings as to (1) the wife's reasonable monthly expenses, and (2) the amount of monthly investment income the wife is anticipated to earn.

"In determining whether to award alimony or maintenance, the court shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance."  § 61.08(2), Fla. Stat. (2019).  Then, in determining the type and amount of alimony, "the court shall consider all relevant factors," including the ten factors enumerated in section 61.08(2)(a)-(j).  *Id.*

---

[1] The wife's initial brief does not advance any argument that the incurrence of interest and penalties should have been treated as intentional dissipation by the husband, so we do not address that issue.

"The failure to make specific findings regarding need and ability to pay may preclude meaningful appellate review and result in a case having to be reversed and remanded." *Horowitz v. Horowitz*, 273 So. 3d 263, 267 (Fla. 2d DCA 2019) (internal quotation marks and brackets omitted). "Thus, even when the court makes findings regarding each of the section 61.08(2) factors, its failure to make findings to allow for meaningful review of the amount of alimony awarded constitutes reversible error." *Id.* (internal quotation marks omitted). In *Horowitz*, for example, the Second District held that the trial court's findings were insufficient because, among other things, they failed to "set forth the amount of her monthly living expenses." *Id.*

Here, the trial court never made a specific finding as to the wife's reasonable monthly expenses post-dissolution. The court stated that the wife was "unable to articulate her actual monthly expenses" and noted certain deficiencies in her financial affidavit. The court's permanent monthly alimony award was based on the "limited information and testimony provided" regarding the wife's "actual and/or anticipated needs."

Contrary to the court's statement, the evidence regarding the wife's expenses was not "limited." The record reflects detailed evidence from both sides' accountants regarding the wife's monthly needs. That the wife was unable to articulate her own anticipated expenses is irrelevant, as the wife deferred to her accountant's testimony on the issue. The trial court overlooked the substantial testimony and documents from both sides' accountants regarding the wife's reasonable monthly expenses. On remand, the trial court shall make a specific finding as to the wife's anticipated monthly expenses, thereby facilitating appellate review of the alimony award.

A second necessary finding is the amount of income the wife might expect from her own financial assets, including those that she received in equitable distribution. The trial court's statement that the wife's only source of income would be alimony was incorrect. Both sides presented evidence that the wife would be expected to receive investment income from her equitable distribution. It is unclear whether the court's alimony award took into account the wife's anticipated investment income. The court should have made a specific finding clarifying the amount of monthly investment income the wife was anticipated to earn from her equitable distribution.

We note that it was not an abuse of discretion for the trial court to reject the wife's evidence that she had reasonable monthly needs of $15,099.

We reverse for the trial court to make specific findings as to the wife's reasonable monthly expenses post-dissolution and the amount of monthly investment income the wife is anticipated to earn. The trial court in its discretion may take additional evidence or rely on the evidence presented at trial on the issue of alimony. If the court adjusts the alimony award on remand, the adjustment should be made retroactive to the date of the original judgment.

### Attorney's and Accountant's Fees

We affirm the trial court's total award of $144,954.82 for attorney's fees, accountant's fees, and costs without further discussion.

*Affirmed in part, reversed in part, and remanded.*

GROSS, DAMOORGIAN and GERBER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**