# Third District Court of Appeal

## State of Florida

Opinion filed February 19, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1240
Lower Tribunal No. 22-13192-FC-04
_____

**Fernando Jose Quintanilla Magana,**
Appellant,

vs.

**Flormaria Roque Machado,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Fernando Jose Quintanilla Magana, in proper person.

Law Office of Melissa Dacunha, P.A., and Melissa Dacunha, for appellee.

Before LOGUE, C.J., and EMAS and GORDO, JJ.

EMAS, J.

Fernando Jose Quintanilla Magana (Former Husband) appeals a final judgment of dissolution of marriage, contending the trial court erred in: 1) awarding Flormaria Roque Machado (Former Wife) durational alimony where she failed to plead for durational alimony in her petition; 2) awarding Former Wife certain expenses in calculating durational alimony "that will not be present post-divorce"; 3) its equitable distribution of the parties' Chase Savings Account; 4) failing to credit the Former Husband two years toward future alimony because the Former Wife lived in the marital home rent-free for two years; and 5) finding no valid or enforceable marriage agreement between the parties.

Following our review, we affirm the final judgment in all respects. We note, as a threshold matter, that Former Husband has not provided a transcript of the proceedings in the lower court and therefore (absent a supportable claim of fundamental error) Former Husband has failed to provide an adequate record for meaningful review of those claims which we would review for competent substantial evidence or under an abuse of discretion standard. These include claims two through five, which are necessarily premised upon the trial court's factual determinations, evidentiary rulings, or assessments of witness credibility. See Scognamillo v. Jamison, 389 So. 3d 624, 625 (Fla. 3d DCA 2023) ("In the absence of an

2

adequate transcript on appeal, a judgment that is not fundamentally erroneous must be affirmed.") (quoting Haddad v. Khan, 54 So. 3d 524, 525 (Fla. 3d DCA 2010)). See also Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("The question raised by [appellant] clearly involves underlying issues of fact. When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.")

In addition, and to the extent Former Husband claims the trial court failed to make requisite factual findings in the final judgment, it has not been properly preserved because Former Husband failed to file a motion for rehearing in the trial court. See Fla. Fam. L. R. P. 12.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in the final judgment, a party must raise that issue in a motion for rehearing under this rule."); Scognamillo, 389 So. 3d at 625 ("Here, any arguments as to the trial court's factual findings are not preserved for appeal.

3

[Appellant] was required to alert the trial court of any alleged error via a motion for rehearing or some other appropriate motion in order to preserve his arguments for appellate review and did not do so.").

As to Former Husband's first claim (Former Wife's alleged failure to request alimony), the record plainly establishes that, in her 2022 petition for dissolution of marriage, Former Wife did request alimony: "The Wife is seeking spousal support (alimony) from the Husband. The Wife needs and is entitled to alimony, including temporary, durational, rehabilitative, bridge-the-gap and/or lump sum."

Finally, and to the extent any of Former Husband's claims have been properly preserved for our review, we find no abuse of discretion in the trial court's determinations. Viscito v. Viscito, 214 So. 3d 736, 737-39 (Fla. 3d DCA 2017) (reviewing trial court's determination of equitable distribution and alimony for an abuse of discretion); Pierre v. Pierre, 185 So. 3d 1264, 1265 (noting the standard of review for the distribution of marital assets and liabilities and an award of alimony is abuse of discretion).

Affirmed.